E-filing

FILED
JUN - 8 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

United States District Court
In And For The Northern District of California
Oakland Venue

| | |
|---|---|
| Lamont J. Williams )<br>Bop # 97526-011 )<br>Petitioner/Plaintiff )<br><br>V. )<br><br>The Federal Bureau of )<br>Prisons, Warden B.G. )<br>Compton, U.S. Penitentiary )<br>At Lompoc, California )<br>Et Al. )<br>Defendants/Respondents ) | Petition For Writ of<br>Habeas Corpus<br>Case# CR-04-40175-01-CW  07-2999-CW<br># CR-04-40059-01-CW  07-3000-CW<br><br>NOTICE OF MOTION, AND<br>MOTION FOR PETITON OF<br>WRIT OF HABEAS CORPUS |



# UNITED STATES DISTRICT COURT

## IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND VENUE

| | | |
|---|---|---|
| Lamont J. Williams<br>Bop # 97526-011<br>Petitioner/Plaintiff | ) ) ) ) | **PETITION FOR WRIT OF**<br>**HABEAS CORPUS**<br>**CASE# CR-04-40175-01-CW**<br>**# CR-04-40059-01-CW** |
| v. | ) ) | |
| The Federal Bureau of<br>Prisons, Warden B.G.<br>Compton, U.S. Penitentiary<br>At Lompoc, California<br>Et Al.<br>Defendants/Respondents | ) ) ) ) ) ) ) | **NOTICE OF MOTION, AND**<br>**MOTION OF PETITION OF**<br>**WRIT OF HABEAS CORPUS** |

TO THE HONORABLE JUDGE CLAUDIA WILKEN, UNITED STATES

COURT, NORTHERN DISTRICT OF CALIFORNIA, THE UNITED STATES ATTORNEYS

OFFICE, AND THE RESPONDENTS TO THIS PROCEEDING:

PLEASE TAKE NOTICE THAT ON June 11th , 2007 OR AS SOON

THEREAFTER AS THIS MATTER MAY BE HEARD, THAT PETITIONER LAMONT J.

WILLIAMS, WILL MOVE THE COURT AND PETITION FOR A WRIT OF HABEAS

CORPUS.

EXECUTED THIS DAY 5th OF June 2007 AT UNITED STATES PENITENTIARY,

LOMPOC CALIFORNIA.

_____

Lamont J. Williams, Petitioner

## STATEMENT OF FACTS

Petitioner, Lamont J. Williams (hereafter referred to as Williams) was committed to the custody of the Federal Bureau of Prisons, (hereafter FBOP) resulting from two felon in possession of firearm charges, in violation of 18 U.S.C. §922(g). While incarcerated serving a 71 month sentence imposed by the Northern District Court of California, Williams became aware of sentence reduction credits for participation and completion of the residential drug and alcohol program and subsequently was called in for a program interview to see if he had the necessary qualifications to enter the program. Williams was told that yes, he did meet the criteria, but that due to his current offense under 18 U.S.C. §922(g), felon in possession of a firearm, he was precluded by the FBOP from receiving the early release credits. He was further told that even if he completed the program that his status would not change and he would not get the early release credits. Due to the fact that Williams was settled into solid work participation and program status, and in no small measure based upon the information he received from the RDAP coordinator, Williams opted to not join another program that had no foreseeable benefits. (i.e. reduction in sentence, see Exhibit A)

After the interview Williams decided to investigate the validity of the information he was given. It has taken almost one year from the interview to, unearth valid information and in this time relative facts have come to light. This information uncovered and the abundant amount of time that has been spent researching

this issue, has resulted in the filing of this petition for writ
of Habeas Corpus. It has been found that even though the FBOP does
not have broad discretion to adopt any definition reasonable to
its benefits in its interpretation of Title 18 U.S.C.A. Section
3621(e)(2)(b) of the Violent Crime Control and Law Enforcement Act
of 1994 (hereafter VCCLEA) and as a result deny applicants to
sentence reduction programs/time reduction status, that it is
common practice to not only misinform applicants, but also hold
back and conceal this information that very well may influence a
prisoners decision to participate in the program, as in the instant
case here.

It is as a result of the blatant and malicious lies that
Williams was told and the misinformation he was given, that he
chose not to participate in the R.D.A.P. This has in turn,
dramatically affected his release date, being in it that
participation and completion of the R.D.A.P. could have reduced
his sentence time by up to one calendar year.

Williams has therefore been compelled in light of his
present information to file a petition for writ of Habeas Corpus
through the sentencing court controlling his commitment offense,
to seek redress against the FBOP in this matter.

For he believes that the Federal Bureau of Prisons, and by
extension the United States Penitentiary at Lompoc California,
Warden B.G. Compton, and his agents, officers and/or
representatives, have violated his statutory and due process
rights, to access and participation in programs created to reduce
non-violent offenders sentences by up to one calendar year.

It is believed that these actions have been and are being done intelligently and maliciously by the FBOP, being that they are aware of court decisions ruling against this conduct, in the fact that the litigation that has set precedent was filed and ruled against this very agency that Williams now seeks relief from.

## LEGAL ARGUMENT

The FBOP has been authorized to grant sentence reduction for participation in the Residential Drug and Alcohol treatment program (hereafter RDAP) to non-violent offenders who enroll and complete the program, the FBOP is authorized to grant up to one calendar year in sentence reduction.

In the past the FBOP under the pretence of Title 18 U.S.C.A. section 3261(e)(2)(b) of the Violent Crime Control and Law Enforcement Act of 1994 (hereafter VCCLEA) has denied felons in possession of a firearm reduction of sentence for participation in the RDAP. The FBOP has as a result been taken to litigation for its actions, by prisoners whom met the non-violent criteria. The Federal Court of Appeals for the 9th Circuit disagreed with the FBOP policy and granted petitions for writ of Habeas Corpus in not one but two different litigations, Downey v. Crabtree 100 F.3d 667 (9th Cir. 1996) and Davis v. Crabtree 109 F.3d 567 (9th Cir. 1997) The FBOP appealed and the United States Supreme Court ruled against the FBOP and affirmed decisions for the plaintiffs, thus correcting a serious flaw in the FBOP's policy.

Since the recent defeats in court, the FBOP, in recognizing that these decisions could very well set the standard to qualify a huge amount of their prison population to be eligible for the RDAP and sentence reduction, prisoners whom under their old policy have been denied those very reductions, has taken a stance of misinformation and professional misconduct to avoid future litigation, and maintain its high numbers in its prison populations.

When a prisoner enters the FBOP, he is promptly informed of all the rules and regulations, notified of all the actions that would increase his sentence and dramatically effect his time/release date in a negative manner, should he engage in misconduct or further criminal activity while incarcerated.

By the same standard, if there is a program by which prisoners may receive a substantial reduction in their sentence and their release date be affected in a positive manner to his benefit, then professional rules of conduct and ethics mandate and dictate that the staff inform prisoners of this fact and readily make available this information. The scales of professionalism and bar of justice must equate in accordance with the intentions of congress and other governing bodies of legislative power.

Judge Tashima, Circuit judge for the 9th Circuit held, "We must decide whether the Bureau of Prisons (BOP) may deny reduction of a prisoners period in custody under the Violent Crime Control and Law Enforcement Act of 1994 (VCCLEA) to otherwise eligible prisoners who have been convicted under 18 U.S.C. §922(g) (felon in possession of a firearm) on the grounds that they have been convicted of an offense that was not "non-violent." We conclude that the BOP may not do so." Id. at Davis v. Crabtree 109 F.3d 567 (9th Cir. 1997)

If a crime has been held "non-violent" by the Ninth Circuit for purposes of Sentencing Guidelines, Bureau of Prisons must also consider it "non-violent" for purposes of statute authorizing it to grant sentence reduction to prisoners convicted of non-violent

offenses, who successfully completed drug and alcohol treatment programs. 18 U.S.C.A. Section 3621(e)(2)(b)

In the instant offense, the FBOP has taken their denial of sentence reduction a step further. In order to short stop any future litigation, by enrolling eligible applicants into the RDAP, the FBOP has endeavored on a campaign to discourage potential applicants, simply by misinforming them to the Bureau's old interpretation of these laws. By omitting the fact that the old Bureau policy has been overturned and in fact outlawed, and the failure of the staff to notify potential applicants that the FBOP has been ordered by the courts contrary to old policy, the Bureau has successfully thwarted the efforts of congress, and disobeyed the courts directive. (See Exhibit A-D)

In its failure to correct and amend its old policy, the FBOP has in itself engaged in actions that are criminal. When there is federal law enforcement agency, refusing to enact federal laws, and follow court directives, it only serves to infringe on the integrity of the law, taint the color of law, and undermine the power of the courts of the land, all the while furthering criminal activity, the likes of which that the FBOP has been ruled against on several occasions.

The FBOP if not actively endorsing this professional misconduct, has openly advocated it by the maintenance of a program of disinformation to discourage prisoners whom are otherwise eligible for early release at the completion of the RDAP, simply by discouraging them from ever enrolling and entering the program. (See Exhibits A-D)

In Downey v. Crabtree 100 F.3d 667 (9th Cir. 1996) the court concluded that the BOP could not deny sentence reduction to Downey on the ground that his offense was not non-violent. (cited in Davis v. Crabtree 109 F.3d 567 (9th Cir. 1997) Id. at pg. 568)

According to Downey, the BOP's characterization of felon in possession of firearm as a crime of violence rather than a non-violent offense conflicted with the well-established definitions of these terms of the Ninth Circuit. (Id. at 667) As the court explained, the Ninth Circuit has considered the meaning of "non-violent offense" in other contexts, and has held that this phrase must encompass felon firearm possession. Id. (citing United States v. Cantu, 12 F.3d 1506, 1513 (9th Cir. 1993)

The Downey court further ruled that "the term 'crime of violence' does not encompass felon firearm possession..." and that "parity of reasoning dictates that inmates ... even if affected by sentence-enhancements factors for [possession of a firearm] ... cannot be denied sentence reduction ... on the grounds that their offense was not non violent." Id. at Davis v. Crabtree 109 F.3d 569 (9th Cir. 1997) cited from Downey v. Crabtree, 100 F.3d 667 (9th Cir. 1996); and United States v. Sahakian, 965 F.2d 740, 741-43 (9th Cir. 1992)

Thus, the principles established in Downey, and consequently Davis, control the outcome here. "The BOP must consider inmates convicted of felon in possession of a firearm eligible for sentence reduction under section 3621(e)(2)(b). For the purpose of this statute, felon in possession of a firearm is a non-violent offense." Davis v. Crabtree, 109 F.3d 567, 569 (9th Cir. 1997)

Going a step further, this extends to notification to those whom are eligible and the issuance of information to that effect. The standards of Due Process hold equal protection of the laws, and whereas the law affords non-violent offenders the viable opportunity to reduce their sentence by program participation, it further stands to reason that those same individuals be protected from malicious and biased conduct on the part of the staff over-seeing those programs, otherwise those eligible individuals, as is the present case, would be discouraged from ever joining the RDAP program, and thus as a result of Bureau staff, be denied the opportunity afforded by the statute, clearly being at conflict with both the intent of congress and decisions ruled by the courts across the land. This injustice must be corrected.

## Affidavit in Support of Proof

## of Filing And Mailing

I Lamont J. Williams do affirm, that this motion for writ of Habeas Corpus was mailed on this day 5th of $Sun$, 2007 at the United States Penitentiary, at Lompoc California.

Lamont J. Williams #97526-011
Petitioner
at

United States Penitentiary
3901 Klein Blvd L-Unit/E2
Lompoc, California 93436

## Relief Sought

Petitioner prays that justice be swift and firm, and that this court grants this petition for writ of Habeas Corpus and issues an order and directive as follows:

1) The Court orders the Federal Bureau of Prisons and or its agents and representatives to immediately transfer the person of Lamont J. Williams #97526-011 to the Federal Correctional Institution at Sheridan, Oregon and placed into the Residential Drug and Alcohol Program in place at the institution;

2) The Court further orders the Bureau of Prisons to credit Mr. Williams approximately 6 months or 250 hours time completed in the RDAP program, due to the fact that 6 months is the minimum amount of time to wait before being able to re-apply to the RDAP. This time was lost as a result of misinformation and misconduct on the part of Bureau Staff, in an effort to thwart my efforts to enroll in and complete the program; that the other 250 hours be physically completed by Mr. Williams, and that he be awarded full time reduction of one calendar year off of his sentence, in compensation for the professional manipulation that he suffered at the hands of Bureau staff, that has resulted in the violation of his statutory and due process rights.

3) That the Court order the Federal Bureau of Prisons and its agents to stop this campaign of professional misconduct, aimed at depriving individuals whom are otherwise eligible for sentence reduction, from seeking to enroll, participate, and complete programs which result in reductions in time;

4) The the Court order the Federal Bureau of Prisons to

contract an outside advisor to properly inform prisoners of their rights as nonviolent offenders, and their eligibility to such said programs available for time and sentence reduction, at the Bureau's expense;

5) Lastly that the Court take steps monitor the Federal Bureau of Prisons, to assure that corrective measures have been taken to bring the Bureau into compliance with the intent of congress, and the directives issued by both the Downey and Davis courts, to thwart and rid the system of these biased, slanted and despicable practices in the future.

Petitioner prays that justice be swift in this matter. Respectfully submitted this 5th day of June 2007 at Lompoc California.

Lamont J. Williams #97526-011
Petitioner/Plaintiff

BP-S761.055 **RESIDENTIAL DRUG ABUSE PROGRAM NOTICE TO INMATE**    CDFRM
JAN 04

**U.S. DEPARTMENT OF JUSTICE**                              **FEDERAL BUREAU OF PRISONS**

| To: Williams, Lamont | Reg No.: 97526-011 |
|---|---|
| From: M. Gallis, Ph.D. B. Pair, Ph.D. BP, Ph.D. | Institution: Federal Correctional Complex |
| Title: Drug Abuse Program Coordinator | Date: 08-29-06 |

**SECTION 1 – RESIDENTIAL DRUG ABUSE PROGRAM QUALIFICATION**

You have requested participation in the Bureau's Residential Drug Abuse Treatment Program. My review of your case indicates that you **X DO** ___ **DO NOT** meet the admission's criteria for the Residential Drug Abuse Program. It appears that you **X DO** ___ **DO NOT** qualify to participate in the Residential Program. State the reason(s) below.

Comments

**SECTION 2 – PROVISIONAL § 3621 (E) ELIGIBILITY** (To be completed only if the inmate has completed or qualifies for the Residential Drug Abuse Treatment Program.)

For Residential Drug Abuse Treatment Program graduates to be eligible for early release, they must (DAPC must "x")

| X Not an INS detainee. | X Not a pre-trial inmate. |
|---|---|
| X Not a contractual boarder. | X Not an "old law" inmate. |
| X Not have a current crime that is an excluding offense in BOP categorization of offenses policy (Mark an "x" in the appropriate block on the right). | X Not a crime of violence as contained in BOP Categorization of Offenses policy.<br><br>X Not an excluding crime by the Director's discretion in Categorization of Offenses policy. |

| X Not have any prior felony or misdemeanor adult conviction for homicide, forcible rape, robbery, aggravated assault, or sexual abuse of children. |
|---|

My current assessment, in consultation with your unit team, is that it ___ **DOES** **X DOES NOT** appear that you are provisionally eligible for early release. If not, list **ALL** the reason(s).

Comments: 922(g) Instant offense precludes eligibility for 3621(e) early release.

If applicable, I understand that a determination of early release for me is <u>provisional, may change</u>, **and depends on continued positive behavior and successful participation in all components of the program, including community transitional services.**

| Inmate's Signature (indicate if refused to sign) 5/29/06 | Refused to sign ___ Yes X No |
|---|---|

cc: Drug Abuse Treatment File; Unit Team (place in section 4 of inmate central file; Inmate

(This form may be replicated via WP)                    (This form replaces BP-S761 dtd DEC 03)



Exhibit A

BP-S767.055 **CHANGE IN DRUG ABUSE STATUS** CDFRM
SEP 03

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| Date: 8/29/06 |  |
|---|---|
| Memorandum To: |  |
| Unit Manager<br>V. Flores | Unit<br>L Unit |
| ISM (re: 3621 (e) only)<br>M. W. Hillebrand | |
| From: B. Pair, Ph.D. *B.Pair, Ph.D.* | |

Inmate __Williams, Lamont__, Register # __97526-011__
previously agreed to participate in:

___ Drug Abuse Education
_X_ Residential Drug Abuse Treatment
___ Follow-Up to Residential Drug Abuse Treatment
___ Other

There has been a change in the inmate's participation status.  Please take
the action required as a result of this change.

_X_ The inmate (declined)/withdrew/was expelled/failed (circle one) the
activity checked above.  The inmate was advised that any failure to
fully complete this activity would result in specific sanctions as
outlined on the Agreement to Participate in the Bureau of Prisons Drug
Abuse Services and in policy.  Please enforce the appropriate sanctions.

___ The inmate *declined/withdrew/was expelled/failed* (circle one) the
activity checked above.  The inmate was provisionally found to be
eligible for early release.  However, based on his/her failure to
complete the program, his 3621(e) status must be removed.

___ The inmate was found *ineligible for transitional drug abuse treatment*.
Please remove his 3621(e) projected release date.

___ The inmate was originally found to be ineligible for consideration for
early release under 3621(e).  His status has changed and he is *now
provisionally eligible for a 3261(e) release*.  Please adjust his release
status accordingly.

I have discussed this issue with the inmate and I have made the appropriate
SENTRY changes.

Exhibit B (1)

| Comments | | |
|---|---|---|
| *922(g) precludes eligibility for 3621(e) early release.* | | |
| Inmate Signature | Date | 8/29/06 |

original: Unit Team (Section 4 of the inmate's central file)
copies:   Warden
          Drug Abuse Treatment Coordinator
          Inmate

** *When the inmate is participating in the unit-based component of the RDAP,
it is the DAP Coordinator's responsibility to forward this form to the ISM,
through the Unit Team.  When an inmate completes the unit-based component of
the RDAP, it is the Unit Manager's responsibility to forward this form to the
ISM, with a copy to the Warden and the RDAP Coordinator.*

(This form may be replicated via WP)

Exhibit B (2)



**U.S. Department of Justice**

**Federal Bureau of Prisons**

---

*Federal Correctional Institution*
*3600 Guard Road*
*Lompoc, California 93436*

## RESIDENTIAL DRUG ABUSE PROGRAM

I, Williams, Lamont , #71526-011 have voluntarily declined the Residential Drug Abuse Program (RDAP) after submitting my application and completing the necessary paperwork. I understand that by declining RDAP, I will not be able to re-apply to RDAP for at least six (6) months. At the end of six months, should I desire to re-apply to RDAP, it is up to the discretion of the DAP Coordinator, Dr. B. Pair, to determine if I am a good candidate for the program. At that time, she may request that I show my willingness and motivation to complete RDAP by having me attend support groups or some other treatment activities.

_____          8/29/06
Inmate Name                                                   Date

_____          8-29-06
Staff Witness                                                    Date

cc: Central file

EXhibit C

**INMATE'S PROBLEM STATEMENT**

I have been interviewed to determine my eligibility for admission to a Residential Drug Abuse
Treatment program in the Federal Bureau of Prisons. During the interview I have given truthful
answers to all questions. I had an alcohol or drug problem during the last period of 12
consecutive months in which I was in the community, and I am now seeking treatment for that
problem.

Inmate: _____     Date: 8/29/06

Exhibit D

F O I A
EXEMPT