FILED

JUL 26 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

United States District Court
In And For The Northern District of California
Oakland Venue

| | |
|---|---|
| Lamont J. Williams<br>BOP # 97526011<br>Petititioner/Plaintiff<br><br>V.<br><br>The Federal Bureau of Prisons, Warden B.G. Compton, U.S. Penitentiary at Lompoc, California Et Al.<br><br>Defendants/Respondants | CR-04-40175-CW<br>No: C 07-2999 CW<br>C 07-3000 CW<br>CR 04-40059-CW<br>Petition For Writ Of Habeas Corpus (Amended)<br><br>Filed Under Authority Of Title 28 U.S.C. Section 2241 (a) |

TO THE HONORABLE JUDGE CLAUDIA WILKEN, UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, THE UNITED STATES ATTORNEYS OFFICE, AND THE RESPONDENTS IN THIS PROCEEDING;

PLEASE TAKE NOTICE THAT PETITIONER IN THE ABOVE ENTITLED MATTER, HAVING FILED PETITION WITH THE COURT, COMES NOW WITH AN AMENDMENT TO THE WRIT OF HABEAS CORPUS, CLEARLY DEFING THE AUTHORITY THE WRIT ARRISES FROM. UNDER THE AUTHORITY OF TITLE 28 UNITED STATES CODE, SECTION 2241, WHICH DULY EMPOWERS THE COURTS OF THE LAND AUTHORITY TO HEAR AND RENDER DECISIONS ON HABEAS CORPUS. THIS AMENDED WRIT SUBMITTED THIS 23RD DAY OF July 2007 AND ENTERED INTO THE RECORD AS SOON THERE AFTER AS POSSIBLE.

EXECUTED THIS 23rd DAY OF July 2007 AT LOMPOC, CALIFORNIA

LAMONT J. WILLIAMS
PETITIONER

# Statement Of The Facts

Petitioner, Lamont J. Williams, currently incarcerated at The United States Penitentiary at Lompoc, California, filed a motion titled "Motion for Petition of Writ of Habeas Corpus", applicable under Title 28 U.S.C. Section 2241, authorizing the courts to entertain grievances of prisoners incarcerated under color of the Authority of The United States.

The United States District Court, Northern District of California, Oakland Venue, Judge Claudia Wilken presiding, misconstrued petitioners motion and concluded the petition fell under the authority of Title 28 U.S.C. Section 2255, to Vacate, set aside or correct his sentence.

This interpretation is absolutely erroneous, and compelled petitioner to file this amended Writ of Habeas Corpus to the original, with a clarification of under which authority it was filed, and a further clarification that This Motion Is Not Filed Under The Pretense Of Section 2255, Nor Is It to Be Construed as Such. This Motion Is Not Anyway Challenging Petitioners Sentence, The Sentence Imposed By The Court; This Motion Is Not Asking The Court To Vacate, Set Aside Or Correct His Sentence. (Emphasis added for Clarification)

This Writ of Habeas Corpus was filed on one matter of Law only; Petitioner is seeking an order from the court correcting The Federal Bureau of Prisons in it's interpretation of Title 18 U.S.C.A. Section 3621 (e)(2)(B). The Bureau of Prisons has erroneously concluded petitioner was convicted of a violent offense,

stemming from his conviction under Title 18 U.S.C. Section 922 (6). This in turn has precluded him from eligibility in the Residential Drug and Alcohol Treatment Program, good time / participation early release credits, that are afforded by the Bureau of Prisons, having been authorized by Congress. Participation and completion of the program would qualify him for up to one calendar year off of his total sentence that was imposed by the court.

Petitioner prays that the attached case authorities, legal argument and deciding District and Circuit Court decisions and case precedents, will bring about the action sought through this court.

## Argument

Under Title 18 U.S.C. Section 3621 (B), the Federal Bureau of Prisons _shall make available appropriate substance abuse treatment for each prisoner the Bureau determines_ has a treatable condition of substance addiction or abuse." "_As an incentive for prisoners to obtain treatment while in custody, Congress authorized the Bureau (Bureau of Prisons) to reduce prisoners sentences_ upon the Bureaus determination that an inmate successfully completed a residential substance abuse program. _Further Congress made eligible for the sentence reduction those inmates who ".... were convicted of a non-violent offence._" (Emphasis Added) Title 18 U.S.C. Section 3621 (e)(2)(B), Downey V. Crabtree (9th Cir. 1996) 100 F.2d 666.

The steps are thus threefold; firstly the Bureau establishes treatment programs for inmates it has determined are eligible. Secondly, and it follows to reason, those whom it has determined qualify for the program are selected and parity of reasoning dictates they are eligible for sentence reduction upon completion of the program, because thirdly Congress has authorized sentence reduction as an incentive for non-violent offenders to participate in the program.

Here is where we have a major contradiction. Where the Bureau of prisons determines an individual as meeting the qualifications for entering the program, then in the same breath, because of its erroneous interpretation of the statute denies the individual the incentive to participate in the program.

When the Bureaus' interpretation is.... in conflict with the plain language of the statute, deference is [not] due". National R.R. Passenger

Corp. V. Boston and Marine Corp (1992) 503 U.S. 407, 417, 112 S.Ct. 1394, 1401, 118 L.Ed 2d 52 ("Where the language of the statute is clear, resort to the agencies interpretation is improper."). Chevron U.S.A., Inc. V. National Resource Defence Council, Inc. (1984) 467, U.S. 837, 842-43, 104 S.Ct 2278, 2781-82, 81 L.Ed 2d 694, reh'g denied 468 U.S. 1227, 105 S.Ct. 28, 29, 82 L.Ed 2d 921 (1984) ("If the intent of Congress is clear, that is the end of the matter; for the court as well as the agency must give effect to the unambiguously expressed intent of Congress".)

The intent of Congress is crystal clear, offering sentence reduction to influence non-violent offenders who qualify to join the program. Absent that incentive authorized by Congress, prisoners engaged in other beneficial programs such as vocational, school, or work assignments for monetary compensation, would very well be against discontinuing those programs for another program with no forseeable benefits. Thus by qualifying one for the program but not the eligibility for time reduction status stands to directly influence a person from ever joining the program, and in effect has by this successfully denied these persons access to the program. It is sad to say it is apparent that absent the incentive of sentence reduction eligibility, many would not join the program. It is evident that Congress knew this, just as it is further evident this was the reason for the time reduction to be authorized in the first place.

Parity of reasoning dictates that inmates that are convicted of non-violent offences" cannot be denied sentence reduction eligibility under a congressionally

authorized program on grounds that their offence was not non-violent". Downey V. Crabtree (9th Cir 1996) 100 F.3d 667-68

"We have defined "non-violent" as the converse of a crime of violence". ... "A non-violent offence is one that does not have "as an element the use of force, or attempted use, or threatened use of physical force against the person of another". United States V. Cantu (9th Cir 1993) 12 F.3d 1506, 1513, United States V. Borrayo (9th Cir 1989) 898. F.2d 91, 94

The status of being a felon in possession of a firearm "does not have as an element the actual, attempted, or threatened use of violence, nor does the actual conduct it charges involve a serious potential risk of physical injury to another". United States V. Sahakian (9th Cir. 1992) 965 F.2d 740, 741.

"Possession of a firearm by a felon is not a crime of violence", under Section 924 (c), United States V. Cruz (11Th Cir 1986) 805 F.2d 1464, 1468, 1006.

The Federal Bureau of Prisons "endowment of broad discretion does not immunize its decisions from judicial review, especially concerning questions of statutory inter-pretation. Bureau of Prisons program statements, including the ones adopted to implement Section 3621 (e)(2)(B) are not subject to the rigors of the 'Administrative Procedure Act' and are therefore one entitled some deference." Reno V. Koray U.S. 115 Sct 2021, 2027, 132 L.Ed 2d 46 (1995)

The courts are the final authorities on issues of statutory construction"... and... "have responsibility to resolve issues of statutory construction". Southern California Edison Co. V. Federal Energy Regulatory Commission (9th Cir 1985) 770 F.2d 779, 782.

Conclusion

Petitioner recognizes that the "sentencing court has no authority to order that defendant be confined in a particular facility or placed in a particular treatment program; those decisions are within the Bureau's sole discretion". United States V. Setelo 7th Cir. 1996, 94 F.3d 1037, 1041.

"However, the record (in the Downey Court) indicates that the only obstacle to eligibility for and entitlement to, a sentence reduction in Downey's case was a question of law. We have concluded that the Bureau's statutory interpretation of section 3621 (e)(2)(B) is in error as a matter of law. Given that remanding this case to the Bureau would entail only a ministerial act by the Bureau, we affirm the District court's grant of petitioners Writ of Habeas Corpus and sentence reduction order". (Emphasis added) Downey V. Crabtree (9th Cir 1996) 100 F.3d 671

Like Downey, in this instance, the Federal Bureau of Prisons has decisively concluded that petitioner is eligible and meets the criteria for the Residential Drug and Alcohol Treatment Program, and by it's own admission eligible for participation reduction credits. Having made that determination, it stands to reason that persons who stand up to the rigors of screening also be granted time reduction eligibility upon the determination that they are eligible to participate. (see original motion exhibit A)

Clearly the intent of Congress was to in fact influence prisoners to enroll in substance abuse programs, and that intent is defined by the authorization of good time off for completing the program. Absent that incentive, many would not seek to ascertain if they were in fact eligible for the program, and many more would not enroll in the program once deemed eligible. By and such, it is the overwhelming

denial of congressional intent by the Federal Bureau of Prisons that has in effect thwarted the efforts of Congress.

As such, it is only a matter of Law that precludes petitioner from entry into and completion of The Residential Drug and Alcohol Treatment Program. The 9th Circuit Court has held that felon in possession of a firearm as defined under 18 U.S.C. Section 922 (G) is a nonviolent offense; thus the Bureau's assertion that persons convicted of 922 (G) are not non-violent offenders, and further to preclude them from 3621 good time participation credits, are at once both in contradiction with the courts, the overiding statutes and the vary apparent intent of Congress.

## Relief Sought

That the court rule on and grant this writ of Habeas Corpus in accordance with the Davis and Downey Courts. To the effect that the Bureau of Prisons does not have the authority to interprete Section 3261 of title 18 U.S.C. in a manner that precludes inmates convicted of non-violent offenses eligibility to participate in the Residential Alcohol and Drug treatment Program and have eligibility for sentence reduction credits by up to one year for completion of the program, as was the intent of Congress

Petitioner Prays justice be swift in this matter.

Executed this 23rd day of July 2007, at United States Penitentiary at Lompoc California

Pg 8 of 8    Lamont S. Williams/Petitioner